UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRIAN MATTHEWS                           CIVIL ACTION

VERSUS                                   NO: 15-1658

WEEKS MARINE, INC.                       SECTION: "J" (2)

## ORDER AND REASONS

Before the Court is a *Motion for Partial Summary Judgment* **(Rec. Doc. 16)** filed by Defendant, Weeks Marine, Inc. ("Defendant"), and an opposition thereto **(Rec. Doc. 20)** filed by Plaintiff, Brian Matthews ("Plaintiff"). Also before the Court is a *Motion for Partial Summary Judgment* **(Rec. Doc. 19)** filed by Plaintiff and an opposition thereto **(Rec. Doc. 21)** filed by Defendant. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that both motions should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation derives from an injury suffered by Plaintiff while working for Defendant aboard the dredge RN WEEKS ("the Vessel"). Defendant hired Plaintiff as a cook in February 2015. On or about March 21, 2015, Plaintiff injured his right knee while working on the Vessel. At approximately 4:30 a.m., Plaintiff left the galley, where he worked, and walked out to the stern deck to smoke a cigarette. As he walked toward the stern, Plaintiff slipped

1

on what he described as a "slick spot" and twisted his right knee. (Rec. Doc. 19-2, at 5.) Plaintiff does not know what caused him to slip, but he is certain that he slipped on something other than water. *Id.* at 7-8.

Initially, Plaintiff did not report his injury. Over the next few days, his pain worsened, and his knee became swollen. Doctors subsequently diagnosed him with complex tears of the lateral meniscus, bursitis, and damage to the cartilage of the knee. Dr. Thomas Lyons performed injections on the knee, but Plaintiff's pain and other symptoms persisted. Dr. Lyons then recommended a right total knee arthroplasty. Plaintiff requested maintenance and cure from Defendant, including surgery costs. Defendant failed to comply with these requests.

On May 15, 2015, Plaintiff filed suit, alleging that he was entitled to maintenance and cure, as well as damages for Defendant's negligence and the unseaworthiness of the Vessel. Defendant filed its *Motion for Partial Summary Judgment* on February 11, 2016. Plaintiff filed his motion on February 22. Both parties filed oppositions on March 1.

## PARTIES' ARGUMENTS

### A. Defendant's Motion

Defendant seeks summary judgment on Plaintiff's Jones Act negligence and unseaworthiness claims. The parties agree that the Jones Act applies. However, Defendant attacks the sufficiency of

Plaintiff's evidence, arguing that Plaintiff did not present any evidence to prove his Jones Act claims. Plaintiff testified that he slipped on a "slick" spot on the deck and that workers had been cleaning filters on the deck the day before the accident. According to Defendant, Plaintiff's evidence does not show negligence or that Defendant's negligence caused his injury. Defendant also argues that Plaintiff's evidence is insufficient to show that the Vessel was not reasonably fit for its intended purposes or that an unseaworthy condition caused Plaintiff's injury. Thus, Defendant claims that it is entitled to summary judgment on Plaintiff's Jones Act negligence and unseaworthiness claims.

In his opposition, Plaintiff argues that summary judgment is inappropriate as to his Jones Act claims. First, Plaintiff argues that the plaintiff has a light burden of proof in Jones Act negligence cases. Plaintiff emphasizes that courts rarely grant summary judgment to defendants in such cases. As to the sufficiency of the evidence, Plaintiff points out that the crew had been cleaning the engine room adjacent to the deck where he fell. According to Plaintiff, the evidence shows that oil or grease may have caused him to fall. Thus, the evidence creates a genuine issue of material fact, precluding summary judgment on the negligence claim. Second, Plaintiff argues that genuine issues exist as to unseaworthiness. Plaintiff testified that the deck lacked slip protection, which may have constituted an unsafe condition,

3

rendering the Vessel unseaworthy. Thus, Plaintiff argues that Defendant's motion should be denied.

### B. Plaintiff's Motion

In his motion, Plaintiff seeks summary judgment on his maintenance and cure claim. Plaintiff argues that he is a Jones Act seaman who injured his knee in the service of Defendant's vessel. Plaintiff emphasizes that Dr. Lyons recommended a right total knee arthroplasty. Plaintiff claims that Defendant has not paid for the surgery, other medical treatment, or Plaintiff's maintenance. According to Plaintiff, Defendant is obligated to pay because Plaintiff's injury was not caused by his willful misbehavior or deliberate indiscretion. Also, Plaintiff notes that he suffered problems with his right knee in the past, but he reported those problems to Defendant before he was hired.

In its opposition, Defendant first argues that Plaintiff's summary judgment evidence is not appropriate for consideration. Defendant claims that Dr. Lyons' medical records are not certified or presented in affidavit form, making them inadmissible. Second, Defendant argues that the medical evidence creates a genuine issue of material fact. While Dr. Lyons opined that Plaintiff needed surgery, Defendant introduced conflicting testimony from another doctor. Dr. Christopher Cenac testified in an affidavit that Plaintiff's injury was nothing more than a temporary aggravation of a pre-existing condition. According to the doctor, Plaintiff's

4

condition resolved sometime before October 8, 2015. Dr. Cenac also opined that Plaintiff was a candidate for knee surgery before beginning employment with Defendant. According to Defendant, the conflicting diagnoses create a genuine issue of material fact as to Plaintiff's entitlement to maintenance and cure benefits. Thus, it argues that summary judgment is inappropriate.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing former Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

**A. Jones Act Negligence**

The Jones Act provides a seaman a cause of action for injuries sustained as a result of an employer's negligence. *Gautreaux v. Scurlock Marine, Inc.,* 107 F.3d 331, 335 (5th Cir. 1997) (*en banc*). A seaman is entitled to recover under the Jones Act if his employer's negligence is the cause, in whole or in part, of his injury. *Id.* In order to establish causation for a Jones Act claim, the plaintiff bears a "featherweight" burden of proof. *Gavagan v. United States,* 955 F.2d 1016, 1019 (5th Cir. 1992). The plaintiff need only establish that the actions of the Defendant contributed to the injury even in the slightest degree. *Id.*

"Under the Jones Act, a defendant must bear the responsibility for any negligence, however slight, that played a part in producing the plaintiff's injury." *In re Cooper/T. Smith,* 929 F.2d 1073, 1076-77 (5th Cir. 1991) (citing *Landry v. Oceanic Contractors, Inc.,* 731 F.2d 299, 302 (5th Cir.1984)). Summary judgment is appropriate only when "there is a complete absence of proof of an essential element of the nonmoving party's case." *Id.* In a Jones Act case, a jury may "make permissible inferences from unexplained events." *Martin v. John W. Stone Oil Distrib., Inc.,* 819 F.2d 547, 549 (5th Cir. 1987).

In this case, Plaintiff testified that he slipped and fell on a slick spot on the deck. He also testified that crew members had cleaned the adjacent engine room the day before the accident, which may have left oil mixed with water on the deck. Plaintiff suggests

that Defendant possibly was negligent for not adequately cleaning
the deck. The evidence submitted by Plaintiff is uncontroverted by
Defendant. Instead, Defendant argues that the evidence does not
create a genuine issue of material fact. However, Plaintiff has
introduced evidence to show that Defendant may have acted
negligently. By failing to clean the deck, Defendant may have
contributed to Plaintiff's injury. Thus, Plaintiff has introduced
enough evidence to meet his "featherweight" burden of proof under
the Jones Act. Defendant is not entitled to summary judgment on
Plaintiff's negligence claim.

**B. Jones Act Unseaworthiness**

Unseaworthiness is a condition of a vessel that presents an
unreasonable risk of harm to the seaman. *Park v. Stockstill Boat
Rentals, Inc.*, 492 F.3d 600, 604 (5th Cir. 2007). The plaintiff
bears the burden of proving unseaworthiness at trial. *See Phillips
v. Western Co. of North America,* 953 F.2d 923, 928 (5th Cir. 1992).
The vessel owner is not "obligated to furnish an accident-free
ship." *Mitchell v. Trawler Racer, Inc.,* 362 U.S. 539, 550 (1960).
The elements of an unseaworthiness claim are (1) that the defendant
provided a vessel or equipment that was not reasonably fit for its
intended purpose and (2) that "the unseaworthy condition played a
substantial part in bringing about or actually causing the injury
and that the injury was either a direct result or a reasonably
probable consequence of the unseaworthiness." *Id.* There is no

requirement that a plaintiff show negligence, but the "substantial" causation requirement is more stringent than the causation in a Jones Act negligence claim. *Id.* When deciding whether a condition renders a vessel unseaworthy, a court should consider the following questions: "[W]hat is the vessel to do? What are the hazards, the perils, the forces likely to be incurred? Is the vessel or the particular fitting under scrutiny, sufficient to withstand those anticipated forces?" *Walker v. Harris*, 335 F.2d 185, 191 (5th Cir. 1964).

In the case at bar, Plaintiff argues that the lack of slip protection on the deck of the Vessel rendered it unseaworthy. A vessel will naturally come into contact with water and other substances. Further, a vessel will be subject to the ebb and flow of tides, which may cause difficulties in retaining balance while walking. Thus, a vessel owner should take precautions to reduce the chance of falls. Here, the evidence shows that the deck lacked slip protection. Defendant did not contradict this evidence. Thus, the deck may have been not reasonably fit for its intended purpose. Several district courts in the Fifth Circuit have held that a vessel may be rendered unseaworthy by a lack of slip protection. *Cameron v. United States*, 135 F. Supp. 2d 775, 777-78 (S.D. Tex. 2001) (Kent, J.); *Courville v. Cardinal Wireline Specialists, Inc.*, 775 F. Supp. 929, 936 (W.D. La. 1991) (Trimble, J.). Further, at least one district court held that a vessel was rendered

unseaworthy by an accumulation of oil and water on its deck. *Louviere v. Fid. & Cas. Co. of N.Y.*, 210 F. Supp. 260, 262 (W.D. La. 1962) (Hunter, J.). Thus, the Vessel may have been unseaworthy in the case at bar. Defendant is not entitled to summary judgment on Plaintiff's unseaworthiness claim.

C. **Maintenance and Cure**

"Maintenance and cure is an obligation imposed upon a shipowner to provide for a seaman who becomes ill or injured during his service to the ship." *Boudreaux v. United States*, 280 F.3d 461, 468 (5th Cir. 2002). To receive maintenance and cure, a plaintiff must prove (1) his employment as a seaman; (2) that his illness or injury "occurred, was aggravated or manifested itself while in the ship's service," (3) the wages to which he may be entitled; and (4) "the expenditures or liability incurred by him for medicines, nursing care, board and lodging." *Smith v. Fla. Marine Transporters, Inc.*, No. 10-889, 2011 WL 2580625, at *2 (E.D. La. June 29, 2011) (Lemmon, J.). With respect to the evidence required to prove a claim for maintenance and cure:

> [O]n a motion for summary judgment, the evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial. Unsworn documents are . . . not appropriate for consideration. As a general rule, inadmissible evidence cannot be relied upon to create an issue of material fact for the purpose of defeating a summary judgment motion.

*Bosarge v. Cheramie Marine LLC*, No. 14-2153, 2015 WL 4645636, at *2 (E.D. La. Aug. 4, 2015) (Milazzo, J.) (internal citations and

quotation marks omitted). Further, "[w]hen there are conflicting diagnoses and prognoses from various physicians, there is a question of fact to be determined by the trier of fact as to a plaintiff's entitlement to maintenance and cure benefits." *Snyder v. L & M Botruc Rental, Inc.*, 924 F. Supp. 2d 728, 734 (E.D. La. 2013) (Brown, J.).

Defendant first argues that Plaintiff's motion relies on improper evidence. Plaintiff's exhibits include medical records from Dr. Lyons, which are neither sworn nor submitted in an affidavit. Thus, Defendant correctly asserts that Dr. Lyons' records are not appropriate for consideration at the summary judgment stage.

Second, even if Plaintiff's medical records were admissible, Defendant introduced evidence that contradicted Dr. Lyons' report. (*See* Rec. Doc. 21-2.) Defendant's expert, Dr. Cenac, opined that Plaintiff's knee injury pre-dated his employment with Defendant and that Plaintiff was a candidate for knee surgery before beginning his employment. Because the parties have introduced conflicting evidence, a question of fact exists as to Plaintiff's entitlement to maintenance and cure benefits. Thus, Plaintiff is not entitled to summary judgment on his maintenance and cure claim.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Partial Summary Judgment* **(Rec. Doc. 16)** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion for Partial Summary Judgment* **(Rec. Doc. 19)** is **DENIED**.

New Orleans, Louisiana this 4th day of March, 2016.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE