UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRIAN MATTHEWS                                    CIVIL ACTION

VERSUS                                            NO: 15-1658

WEEKS MARINE, INC.                                SECTION: "J" (2)

## ORDER AND REASONS

Before the Court is a *Motion to Strike Robert Borison* **(Rec. Doc. 23)** filed by Defendant, Weeks Marine, Inc. ("Defendant"), and an opposition thereto **(Rec. Doc. 24)** filed by Plaintiff, Brian Matthews ("Plaintiff"). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation derives from an injury suffered by Plaintiff while working for Defendant aboard the dredge RN WEEKS ("the Vessel"). Defendant hired Plaintiff as a cook in February 2015. On or about March 21, 2015, Plaintiff injured his right knee while working on the Vessel. At approximately 4:30 a.m., Plaintiff left the galley, where he worked, and walked out to the stern deck to smoke a cigarette. As he walked toward the stern, Plaintiff slipped on what he described as a "slick spot" and twisted his right knee. (Rec. Doc. 19-2, at 5.) Plaintiff does not know what caused him to

1

slip, but he is sure that he slipped on something other than water. *Id.* at 7-8.

Initially, Plaintiff did not report his injury. Over the next few days, his pain worsened, and his knee became swollen. Doctors subsequently diagnosed him with complex tears of the lateral meniscus, bursitis, and damage to the cartilage of the knee. Dr. Thomas Lyons performed injections on the knee, but Plaintiff's pain and other symptoms persisted. Subsequently, Dr. Lyons recommended a right total knee arthroplasty. Plaintiff requested maintenance and cure from Defendant, including surgery costs. Defendant failed to comply with these requests.

On May 15, 2015, Plaintiff filed suit, alleging that he was entitled to maintenance and cure, as well as damages for Defendant's negligence and the unseaworthiness of the Vessel. The parties both filed motions for partial summary judgment, which this Court denied on March 4, 2016. Defendant filed the instant motion on March 31. Plaintiff opposed the motion on April 12.

## PARTIES' ARGUMENTS

In its motion, Defendant seeks to strike Robert Borison, an expert witness designated by Plaintiff. According to Defendant, the deadline for Plaintiff to provide expert reports was January 21, 2016. Defendant claims that Plaintiff's counsel waited until March 30 to send Borison's expert report and disclosures. Defendant argues that it is prejudiced by this late disclosure because it

2

did not have an opportunity to depose Borison or object to his expert testimony. Further, the deadline for Defendant to produce an expert report refuting Borison has expired. Thus, Defendant argues that the Court should strike Borison as a witness and preclude him from presenting evidence at any stage in the litigation.

In his opposition, Plaintiff asserts that his counsel merely forgot to send Borison's report to Defendant. Plaintiff argues that he sent the report on March 30, 2016, approximately two months before the scheduled trial date. Thus, Plaintiff claims that Defendant had sufficient time to obtain an opposing expert report before trial. Further, Plaintiff argues that a potential expert could quickly arrive at a conclusion because this case does not involve extensive documentary evidence. Plaintiff claims that Defendant was not prejudiced by the two-month delay in providing Borison's report.

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure grant district courts the power to "control and expedite the discovery process through a scheduling order." *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996); *see* Fed. R. Civ. P. 16. Rule 16 also allows a court to exclude expert testimony or strike pleadings if a party fails to comply with deadlines imposed by a scheduling order. Fed. R. Civ. P. 16(f)(1); *see* Fed. R. Civ. P. 37(b)(2)(A). District

3

courts have broad discretion to award sanctions for violations of pre-trial or scheduling orders. *Barrett*, 95 F.3d at 380. The Fifth Circuit reviews such sanctions for abuse of discretion. *Id.* To determine whether to impose sanctions, the district court considers: "(1) The explanation if any for the party's failure to comply with the discovery order; (2) The prejudice to the opposing party of allowing the witness to testify; (3) The possibility of curing such prejudice by granting a continuance; (4) The importance of the witnesses' testimony." *Id.*

In addition, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).[1] Exclusion of the evidence is automatic and mandatory unless the party demonstrates substantial justification or harmlessness. *E.g.*, *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004). In determining whether a party's failure to disclose is harmless, a court examines the same four factors used to evaluate the decision to exclude evidence under Rule 16(f). *See CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009).

---

[1] Rule 26 requires the parties to disclose "the identity of any witness it may use at trial to present evidence." Fed. R. Civ. P. 26(a)(2)(A).

4

**DISCUSSION**

Defendant argues that the Court should strike the testimony and opinions of Borison because Plaintiff did not timely disclose his report according to the Scheduling Order. (Rec. Doc. 11.) The order provides:

> Written reports of experts, as defined by Federal Rule of Civil Procedure 26(a)(2)(B), who may be witnesses for plaintiff shall be obtained and delivered to counsel for defendant as soon as possible, but in no event later than **JANUARY 21, 2016**.
>
> Written reports of experts, as defined by Federal Rule of Civil Procedure 26(a)(2)(B), who may be witnesses for defendant shall be obtained and delivered to counsel for plaintiff as soon as possible, but in no event later than **FEBRUARY 19, 2016**.
>
> Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify on trial, and all exhibits that may or will be used, not later than **FEBRUARY 19, 2016**.
>
> The Court will not permit any witness, expert or fact, to testify or exhibits to be used unless there has been compliance with this Order as it pertains to the witness.

*Id.* at 2 (emphasis in original). The parties do not dispute that Plaintiff disclosed Borison's report on March 30, 2016, after the applicable deadline. Thus, the Court will consider whether preventing Borison from testifying at trial is an appropriate sanction.

First, Plaintiff explains the failure to provide Borison's report in his opposition. Plaintiff claims that the parties agreed

5

to a mutual extension of the expert witness report deadline by one week. (*See* Rec. Doc. 24-1.) Thus, Plaintiff should have disclosed Borison's report by January 28, 2016. However, Plaintiff's counsel forgot to send Borison's report to Defendant. Plaintiff's counsel finally sent the report on March 30, at which time Defendant notified Plaintiff that it had not previously received the report. Counsel's forgetfulness is not a reasonable excuse for failure to comply with the Scheduling Order.

Second, Defendant is prejudiced by Plaintiff's failure to produce an expert witness report. The purpose of requiring disclosure of expert reports is to notify opposing parties of the scope and content of the expert's proposed testimony. *Matthews v. Allstate Ins. Co.*, 731 F. Supp. 2d 552, 559 (E.D. La. 2010). In a similar case before this Court, the parties were prejudiced when a defendant provided expert witness reports two months after the deadline. *Standard Servs. Co. v. Witex USA, Inc.*, 2003 WL 2004442, at *2 (E.D. La. April 30, 2003). Here, the parties agreed to extend the deadline to January 28, 2016. Plaintiff's counsel did not disclose Borison's report until March 30, two months after the deadline. Trial is scheduled for May 23, 2016, in about one month. Therefore, Defendant is prejudiced by Plaintiff's failure to comply with the Scheduling Order.

In addition, late disclosure requires the defendant to "verify all of the late-provided information and [marshal]

opposition evidence of its own." *Paulsen v. State Farm Ins. Co.*, No. 06-9546, 2008 WL 449783, at *5 (E.D. La. Feb. 15, 2008). Plaintiff argues that Defendant had almost two months to marshal opposition evidence before trial. However, Plaintiff ignores the fact that Defendant's expert witness reports were due on February 26, 2016, pursuant to the one-week mutual extension. The deadline for both parties to file witness and exhibit lists was February 19. Therefore, Defendant could not secure a rebuttal expert witness without violating the Court's Scheduling Order. The Scheduling Order also provided that motions regarding the admissibility of expert testimony would be set for submission no later than April 6, 2016. (Rec. Doc. 11, at 1.) By the time Plaintiff disclosed Borison's report, the deadline for filing such a motion had expired.

 Third, the prejudice cannot be cured by a continuance of the trial date. Plaintiff filed suit on May 15, 2015. The parties are preparing for trial on May 23, 2016, and a continuance would create an unnecessary, additional delay. Granting a continuance now would only serve to reward Plaintiff for missing the discovery deadline. "[A] continuance does not, in and of itself, 'deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders.'" *Barrett,* 95 F.3d at 381 (quoting *Geiserman v. MacDonald,* 893 F.2d 787, 792 (5th Cir. 1990)).

Plaintiff does not argue that the evidence to be excluded is central to his case. However, to the extent that the evidence is important, the importance of the evidence cannot "singularly override the enforcement of local rules and scheduling orders." *Barrett,* 95 F.3d at 381 (quoting *Geiserman,* 893 F.2d at 792)). The potential importance of the excluded evidence is outweighed by Plaintiff's failure to comply with the scheduling order. Therefore, Plaintiff may not call Borison as an expert witness or introduce his testimony at trial.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion to Strike Robert Borison* **(Rec. Doc. 23)** is **GRANTED**.

New Orleans, Louisiana this 15th day of April, 2016.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE